IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

05 APR 26

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

ARVIS R. CLARK,

Plaintiff,

vs. No. 04-3046-D/P

FEDEX EXPRESS,

Defendant.

ORDER DENYING APPOINTMENT OF COUNSEL
AND
ORDER TO ISSUE SERVICE OF PROCESS

Plaintiff Arvis R. Clark filed a pro se complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., on December 27, 2004, along with an application to proceed in forma pauperis. Because the information provided by the plaintiff was insufficient to permit the Court to conclude that he is indigent and unable to pay the filing fee or to give security therefor, the Court issued an order on March 31, 2005 directing the plaintiff, within thirty days, to file a properly completed in forma pauperis affidavit or pay the $150 civil filing fee. Plaintiff paid the filing fee on April 19, 2005. The Clerk shall record the defendant as Fedex Express.

The plaintiff has filed a motion seeking appointment of counsel. Two statutes authorize the district court to request or

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 4-27-05



appoint counsel for an indigent Title VII plaintiff. Twenty-eight U.S.C. § 1915(d) provides that the "court may request an attorney to represent any such person unable to employ counsel."[1] Similarly, under 42 U.S.C. § 2000e-5(f)(1), "upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney." However, "[t]here is no constitutional or . . . statutory right to counsel in federal civil cases." Farmer v. Haas, 990 F.2d 319, 323 (7th Cir. 1993). Generally, a court will only appoint counsel in exceptional circumstances. Willett v. Wells, 469 F. Supp. 748, 751 (E.D. Tenn. 1977). Although "no comprehensive definition of exceptional circumstances is practical," Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982), courts resolve this issue through a fact-specific inquiry. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Examining the pleadings and documents in the file, the Court analyzes the merits of the claims, the complexity of the case, the pro se litigant's prior efforts to retain counsel, and her ability to present the claims. Henry v. City of Detroit Manpower Dep't, 763 F.2d 757, 760 (6th Cir. 1985); Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985).

As a general rule, counsel should be appointed in civil cases only if a litigant has made "a threshold showing of some

---

[1] However, "§ 1915(d) does not authorize the federal courts to make coercive appointments of counsel" to represent indigent civil litigants. Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989).

likelihood of merit." Cooper v. A. Sargenti Co., 877 F.2d 170, 174 (2d Cir. 1989).[2] As a preliminary matter, because the plaintiff has not established that he is indigent, he has not demonstrated that he is eligible for appointed counsel. Even if that were not the case, at this stage of the proceedings, before the Court has had the opportunity to assess the strength of plaintiff's case, the Court is unable to conclude that plaintiff has satisfied that standard. Moreover, a review of this complaint indicates that the case is not so complex that the Court should exercise its discretion to appoint counsel at this time. Furthermore, it does not appear from the affidavit supporting plaintiff's motion that he will be unable to obtain counsel on his own. The motion for appointment of counsel is DENIED.

Within thirty (30) days of the date of entry of this order, the plaintiff shall personally appear at the Clerk's office and, upon presentation of a copy of this order, the Clerk shall provide plaintiff one (1) blank, unsigned summons. Pursuant to Fed. R. Civ. P. 4(b), the plaintiff is responsible for properly filling out the summons and presenting it to the Clerk for signature and seal. If the summons is in proper form, the Clerk shall sign, seal, and issue it to the plaintiff for service on the defendant. The

---

[2] The Second Circuit elaborated: "Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent." Id.

plaintiff is responsible for ensuring that service is effected on the defendant pursuant to Fed. R. Civ. P. 4(h)(1).[3]

It is ORDERED that the plaintiff shall serve a copy of every further document filed in this cause on the attorney for the defendant, or on the defendant if it has no attorney. The plaintiff shall make a certificate of service on every document filed. The plaintiff shall familiarize himself with the Federal Rules of Civil Procedure and the local rules of this Court.

The plaintiff shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.

The plaintiff is advised that the time limit set forth in Fed. R. Civ. P. 4(m) shall commence running on the date of entry of this order.

IT IS SO ORDERED this 26 day of April, 2005.

BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff also must comply with Rule 4(c)(2), which requires, in part: "Service may be effected by any person who is not a party and who is at least 18 years of age."

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 4 in case 2:04-CV-03046 was distributed by fax, mail, or direct printing on April 27, 2005 to the parties listed.

Arvis R. Clark
1549 Elliston Rd.
Memphis, TN 38106

Honorable Bernice Donald
US DISTRICT COURT