IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 NOV 30  AM 4: 12

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

ARVIS R. CLARK,                      )
                                     )
          Plaintiff,                 )
                                     )
vs.                                  )          No. <u>04-3046 D/P</u>
                                     )
FEDERAL EXPRESS CORPORATION,         )
                                     )
          Defendant.                 )
                                     )

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

Before the court is Plaintiff Arvis Clark's Motion for Leave to Amend Complaint, filed on October 11, 2005 (dkt #10).  Defendant Federal Express filed its response in opposition on October 24, 2005.  For the following reasons, the motion is GRANTED.

### I. BACKGROUND

Clark was employed by Federal Express from 1986 until his termination on February 13, 2004.  He received a letter notifying him that he was fired because he allegedly falsified his time cards on February 4 and 5, 2004.  On June 15, 2004, Clark filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), claiming that he was terminated because of his race in violation of Title VII of the Civil Rights Act of 1964.  Clark contends that he received differential treatment on account of his race, as two white male employees who recorded their time cards in

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on _____

a manner similar to Clark were neither suspended nor discharged.

On October 13, 2004, the EEOC sent Clark a letter notifying him of his right to sue.  Clark (pro se) subsequently filed a complaint in this case on December 27, 2004.  On August 10, 2005, the court entered a Rule 16(b) scheduling order in this case, providing a deadline of October 10, 2005, for each party to file any motions to amend pleadings.  On September 30, 2005, counsel for Clark ("Counsel") filed his appearance on behalf of Clark.

In the present motion, Clark seeks leave to amend his complaint to assert claims pursuant to 42 U.S.C. § 1981 and the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. § 4-21-101 et seq.  Clark argues that because he filled out his original complaint without the aid of counsel, "[j]ustice requires that [Clark] be allowed to amend his complaint to enable him to pursue claims and remedy under § 1981 and THRA. . . ."  (Pl.'s Mem. in Support at 2).  Federal Express contends that Clark's motion should be denied because he has failed to show good cause why his motion was not filed within the deadline established by the Rule 16(b) scheduling order.  Federal Express argues further that, assuming arguendo that Clark has shown the requisite good cause under Rule 16(b), Clark's motion should be denied because his proposed amended claims would be futile.

## II. ANALYSIS

### A.    Rule 16(b) Analysis

The Court of Appeals for the Sixth Circuit has recently addressed the interplay between Rule 15(a), which provides that leave to amend "shall be freely given," and Rule 16(b), which declares that a scheduling order establishing deadlines for matters such as amendments to pleadings "shall not be modified except upon a showing of good cause. . . ." Fed. R. Civ. P. 15(a); Fed. R. Civ. P. 16(b).    The court held that "once a scheduling order's deadline passes, a party must first show good cause under Rule 16(b) for the failure to seek leave to amend prior to the expiration of the deadline before a court will consider whether the amendment is proper under Rule 15(a)." <u>Hill v. Banks</u>, 85 Fed. Appx. 432, 433 (6th Cir. 2003) (citing <u>Leary v. Daeschner</u>, 349 F.3d 888 (6th Cir. 2003)).    In deciding whether the moving party has shown sufficient good cause to modify the scheduling order, the court considers two factors: the movant's "diligence in attempting to meet the case management order's requirements" and "whether the opposing party will suffer prejudice by virtue of the amendment." <u>Leary</u>, 349 F.3d at 906 (citations omitted).

The court finds that Clark was sufficiently diligent in his attempt to abide by the scheduling order.    Clark filed his complaint pro se by using the standard form provided by the Clerk of Court for Title VII plaintiffs.    Counsel was not retained until

September 25, 2005, which gave Counsel little more than two weeks to review Clark's case and assert other relevant claims before the scheduling order's deadline. Thus, this case differs significantly from the scenario in which the plaintiff was aware of the basis of a proposed claim for several months, but failed to pursue it until long after the deadline provided in the scheduling order passed. See Leary, 349 F.3d at 908 ("Plaintiffs here were 'obviously aware of the basis of the claim for many months,' but nonetheless failed to pursue the claim until it was brought to their attention by [Defendant's] final summary judgment motion.") (quoting Duggins v. Steak 'n Shake, Inc., 195 F.3d, 828, 834 (6th Cir. 1999)).

Furthermore, the court finds that Federal Express will not suffer prejudice if the court grants Clark's motion. Clark filed the present motion on October 11, one day after the deadline set by the court's scheduling order. In his proposed amended complaint, Clark asserts no new facts, nor does he assert legal theories unrelated to his original Title VII complaint. Rather, Clark asserts related causes of action that require proof similar to his Title VII claim.

The court is sensitive to Federal Express's contention that Clark should have moved for an extension of the scheduling order's deadline for amending pleadings prior to October 10. Nevertheless, the court, in its discretion, concludes that Clark has demonstrated sufficient "good cause" to permit the court to modify its

-4-

scheduling order in order to allow Clark to amend his initial complaint. Having satisfied the requirements of Rule 16(b), Clark must now demonstrate that granting leave to file an amended complaint is proper under Rule 15(a). <u>Hill</u>, 85 Fed. Appx. at 433.

**B.    Rule 15(a) Analysis**

Federal Rule of Civil Procedure 15(a) provides that "[a] party may amend [its] pleading once as a matter of course at any time before a responsive pleading is served. . . ." Once a responsive pleading has been served, a party may amend its pleading only by leave of court, and "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Nonetheless, a court may deny leave to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment. . . ." <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).

Federal Express argues that under <u>Foman</u>, the court should deny Clark's motion to amend on the basis of futility. "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." <u>Miller v. Calhoun County</u>, 408 F.3d 803, 817 (6th Cir. 2005) (citing <u>Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.</u>, 632 F.2d 21, 23 (6th Cir. 1980)). The court finds that the claims that Clark seeks to amend to his complaint would not be futile, as Clark has stated

-5-

claims upon which relief can be granted under 42 U.S.C. § 1981 <u>et</u> <u>seq</u>. and Tenn. Code Ann. § 4-21-101 <u>et seq</u>. <u>See</u> 42 U.S.C. § 2000e-2(a)(1) (2000) (prohibiting employers from discharging any employee on the basis of race); Tenn. Code Ann. § 4-21-401(a)(1) (2005) (same).

Federal Express contends that Clark "has not alleged that any new facts have been discovered which would warrant him amending the Complaint to add the claims." (Def.'s Mem. in Support at 3). At this stage, however, Clark is not required to prove the merits of his claim. Rather, to avoid denial of his motion for leave to amend his complaint, Clark need only show that the proposed amendment would survive a motion to dismiss. <u>Miller v. Calhoun County</u>, 408 F.3d 803, 817 (6th Cir. 2005). Here, if the facts alleged by Clark are taken as true, he has stated a claim upon which relief can be granted. Thus, Clark's proposed claims are not futile.

### III. CONCLUSION

For the reasons above, Plaintiff's Motion for Leave to Amend Complaint is GRANTED. Clark shall file an amended complaint with the Clerk of Court within five (5) days from the date of this order, with service upon the defendant.

IT IS SO ORDERED.

TU M. PHAM
United States Magistrate Judge

November 30, 2005
Date

-7-

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 15 in case 2:04-CV-03046 was distributed by fax, mail, or direct printing on December 1, 2005 to the parties listed.

---

Mary Helen Beard
FEDEX CORPORATION
3620 Hacks Cross Rd.
Third Floor, Building B.
Memphis, TN 38125--880

Arvis R. Clark
1549 Elliston Rd.
Memphis, TN 38106

Dwight G. McQuirter
DWIGHT G. MCQUIRTER, PLLC
P.O. Box 243
Spring Hill, TN 37174

Honorable Bernice Donald
US DISTRICT COURT